## Thomas *versus* Jarden.     Whelan's Appeal.

1. A mortgagee in consideration of Davis's becoming security for his debt, authorized him to release the mortgaged premises. Davis employed an attorney to sue out the mortgage, judgment was obtained on it, the land sold by the sheriff and deed made to Davis; the purchase-money was receipted for to the sheriff by the attorney, without any money having been paid except the costs. *Held,* that the debt secured by the mortgage was discharged *pro tanto.*

2. A judgment obtained by an attorney acting for a mortgagee without warrant written or parol is not void. *It seems* that the payment of such judgment by the mortgagor to the attorney of record would discharge the debt.

3. A purchaser under such judgment without notice of want of authority in the attorney would be protected. As against the attorney or a purchaser with notice, the mortgagee might avoid the whole proceeding.

February 25th 1868. Before Thompson, C. J., Strong and Agnew, JJ. Read, J., at Nisi Prius. Sharswood, J., absent.

Appeal from the decree of the District Court of *Philadelphia:* No. 330, to January Term 1867.

The proceedings in the court below were the distribution of the proceeds of a sheriff's sale under a levari facias, by Isabella B. Thomas, assignee, against Samuel H. Jarden and the terre-tenant.

On the 2d of July 1857, David B. Birney became the owner of an unimproved lot of ground at the corner of Twenty-third and Coates streets, Philadelphia. On the 19th of November 1859, he was the owner of a house and lot on Race street below Twentieth street, the premises which produced the fund for distribution, and which were subject, when he became the owner, to the mort-

[Thomas *v.* Jarden.]

gage under which they were sold.   On the day last mentioned he executed a mortgage of both lots to John Whelan, for $6000. On the 17th of May 1862, Thomas Williamson obtained judgment in the Supreme Court of Pennsylvania against Birney, for $4000, which was of course a lien upon both lots.

The auditor found these facts, and also, that at the solicitation of O. W. Davis, Esq., the law-partner of Birney, in order to enable Birney to improve the first-mentioned lot, Whelan agreed to release it from the lien of his mortgage, taking Davis's bond in $6000, dated December 20th 1862, as security.

The bond recited the mortgage of Birney to Whelan, that Whelan had agreed at Davis's request to release the lot from its lien, and that in consideration of the release Davis agreed to become surety for Birney to Whelan for the payment of $6000— the debt secured by the mortgage; that there was no other consideration for the release except Davis's bond.

On the 18th of February 1863, W. W. Ledyard, Esq., a lawyer in the employ of Davis, issued a scire facias on Whelan's mortgage, and obtained judgment in Whelan's favor for $6945.30; under which the property at the corner of Twenty-third and Coates streets was sold to O. W. Davis, for $6000.   The premises were conveyed to Davis by the sheriff, March 14th 1863.   After deducting the expenses of sale, $209.92, Ledyard, as attorney for Whelan, receipted to the sheriff for $5790.08.   The sheriff delivered his deed to Davis on the receipt of Ledyard, without receiving any money from him on account of the purchase-money except $209.92, costs and expenses of sale.   Ledyard had no warrant of attorney from Whelan; nor had Davis any authority from Whelan, written or by parol, to institute the suit, or employ an attorney to do so, unless it could be implied from Whelan's release above mentioned.

The fund in court for distribution, after deducting costs, expenses and taxes, was $4924.28.   Whelan claimed that it should be paid to him on account of the debt due on his mortgage, treating the transactions by Ledyard and Davis as unauthorized.

The auditor, D. W. Sellers, Esq., was of a different opinion, holding that the proceedings were conclusive on the distribution of this fund.   He accordingly awarded to Whelan $209.92, the balance due on his mortgage, after deducting the proceeds of the sale to Davis; and the remainder of the fund, $4717.35, he awarded to Thomas Williamson on his judgment.

To this report Whelan filed exceptions.

The District Court (Sharswood, P. J.) dismissed the exceptions, and confirmed the auditor's report.

Whelan appealed and assigned the decree of the District Court for error.

[Thomas v. Jarden.]

*S. Dickson*, for appellant.—Fraud was a reply to the unauthorized judgment on Whelan's mortgage: Duchess of Kingston's Case, 2 Sm. L. C. 424. He commented on Denton v. Noyes, 6 Johns. Rep. 296; Compher v. Anawalt, 2 Watts 490. The appearance of an attorney will not prevent showing that he appeared without authority: Shumway v. Stillman, 4 Cowen 292; Sherrard v. Nevins, 2 Carter 24; Thompson v. Emmert, 15 Id. 415; Aldrich v. Kinney, 4 Conn. 380; Harris v. Hardeman, 14 How. 336; Noyes v. Butler, 6 Barb. 613; Steel v. Smith, 7 W. & S. 447; Mills v. Duryee, 7 Cranch 481; 1 Kent's Com. 261, note; Watson v. Bank, 4 Met. 343; Robson v. Eaton, 1 T. R. 62; Bayley v. Buckland, 1 Exch. 1; Hubbart v. Phillips, 13 M. & W. 702; Holker v. Parker, 7 Cranch 436; Cutchfield v. Porter, 3 Ohio 518; Handeley v. Statetor, 6 Littell 186; Campbell v. Kent, 3 Penna. Rep. 72; Cyphert v. McClune, 10 Harris 195; Wambaugh v. Gates, 8 N. Y. 138; Shelton v. Tiffin, 6 How. 163.

*J. B. Townsend*, for Williamson, appellee.—The judgment on Whelan's mortgage and the sale under it operated as a discharge *pro tanto* of his debt: Act of 1705, § 9; 1 Sm. L. 60; Purd. 329, pl. 115; Feger v. Kroh, 6 Watts 294; Feger v. Keefer, Id. 297; Buehler v. Buffington, 7 Wright 278; Martin v. Rex, 6 S. & R. 296; Neff v. Barr, 14 Id. 166.

The judgment was not unauthorized: Story on Agency, § 133, 443. The appellant could not impeach his own judgment: Catlin v. Robinson, 2 Watts 379; Stiles v. Bradford, 4 Rawle 401; Tarbox v. Hays, 6 Watts 398; Hazlett v. Ford, 10 Id. 101; Withers v. Livezey, 1 W. & S. 436; Withers v. Haines, 2 Barr 438; Crutcher v. Com., 6 Wh. 340; Hauer's Appeal, 5 W. & S. 473; Drexel's Appeal, 6 Barr 272; Baird v. Campbell, 4 W. & S. 191; Bunce v. Wightman, 5 Casey 335; Banning v. Taylor, 12 Harris 289; Hutchinson v. Ledlie, 12 Casey 112; Billings v. Russell, 11 Harris 189; Denton v. Noyes, 6 Johns. 300.

The opinion of the court was delivered, March 5th 1868, by

STRONG, J.—If there were nothing else in this case than what appeared upon record when the fund for which these litigant parties are contending was raised, it would be clear that the distribution made by the auditor is correct. Suit had been brought upon the mortgage of the appellant and a judgment recovered. Under a levari facias founded on the judgment, another property included in the mortgage had been sold, for a sum sufficient to satisfy the debt, except to the extent of $209.92, and a sheriff's deed had been made to the purchaser. The attorney of record had also receipted to the sheriff for the purchase-money. This amounted to a legal satisfaction, *pro tanto*, of the mortgage in favor of the

[Thomas *v.* Jarden.]

debtor, and of course in favor of Williamson, a judgment-creditor of the debtor, subsequent to the mortgage.

The difficulty in the case arises from other facts found by the auditor. Ledyard, the attorney of record, had no warrant from Whelan, the appellant, to institute suit upon the mortgage. He was in the employment of O. W. Davis, the purchaser at the sale, who instructed him to act as attorney of record for Whelan, and to sign a receipt for the purchase-money, less the expenses of the sale. Nor had Davis any warrant or authority from Whelan to institute such suit, or to employ an attorney under him for that purpose. By this is to be understood that neither Davis nor Ledyard had any authority specifically to sue out a scire facias on the mortgage. But Davis was authorized by Whelan to release the lot from the lien of the mortgage, in consideration of his own bond to the mortgagee as a security for the payment of the debt of the mortgagor.

On this state of facts we do not feel called upon to decide what would be the law of the case if Davis had been an entire stranger to the appellant, without any authority to interfere with the mortgage. Were it conceded that a judgment upon a mortgage, obtained by an attorney acting for the mortgagee, without warrant, either written or parol, may be treated as a nullity by such mortgagee, this is no such case. Such a judgment cannot, however, be regarded as void. It is regular on its face. It would seem that a mortgagor who actually paid such a judgment to the attorney of record, must thereby discharge the debt. In our practice warrants of attorney are not usually filed with a precipe for a writ, and authority to institute a suit is generally given verbally. And certainly a purchaser at a sheriff's sale under such a judgment, without notice of a want of authority in the attorney, would be protected. As against the attorney, or even a purchaser who had knowledge of the unwarranted intrusion of the attorney, the mortgagee may doubtless avoid the whole proceeding.

But in the case before us, Davis was empowered to release the lot sold under the mortgage from its lien. The mode by which the release should be effected was not prescribed. It made no difference to Whelan how it should be done. In whatever way it might be accomplished, he agreed to give up the lien of his mortgage, and consequently to remove it out of the way of Williamson's judgment. For the lien of the mortgage he received Davis's bond as a substitute, and that bond he still holds. The scire facias on his mortgage and the sale under it, together constituted one mode by which the lot was released, a mode most beneficial to the mortgagor, and not hurtful to the mortgagee, for it put him in the same situation as to the lot as if his agent had executed for him a technical release. How, then, can he say that the sale under his mortgage does not affect him? What right has he to

[Thomas v. Jarden.]

treat the lot any longer as bound by the lien of his mortgage? Can he agree that it should be released, receive a consideration for the release, a substitute for the lien commensurate with the entire debt, and still be permitted to say that there has been no release, that the judgment and sale under it are nullities as to him? The facts found by the auditor must be considered together, and thus taken they do, in our opinion, exhibit an agency in Davis for the appellant so extensive that we should not be justified in holding the sale under the mortgage entirely unwarranted, though there was no formal power to institute the suit. It follows that the proceeds of the sale were correctly treated by the auditor and court below as satisfying the mortgage *pro tanto*.

The decree is affirmed.